# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

MICHELLE B.[1]                               Case No. 23-CV-3108 (NEB/LIB)

     Plaintiff,

v.                                           ORDER ACCEPTING REPORT AND
                                                  RECOMMENDATION

LELAND DUDEK,[2] Acting
Commissioner of Social Security,

     Defendant.

---

Plaintiff sued to challenge the Acting Commissioner of Social Security's decision to deny her application for disability benefits. (ECF No. 1.) She asked the Court to reverse the Commissioner's decision and "remand the case for further proceedings." (ECF No. 13 at 16.) The Commissioner asked the Court to affirm the decision of the administrative law judge ("ALJ"). (ECF No. 15.) In a Report and Recommendation, United States Magistrate Judge Leo I. Brisbois recommends denying Plaintiff's request for relief. (ECF No. 16 ("R&R").) Judge Brisbois concluded (1) that substantial evidence supported the

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

[2] Michelle King resigned as Commissioner of Social Security on February 17, 2025. Alan Rappeport, Andrew Duehren, and Nicholas Nehamas, *Top Social Security Official Leaves After Musk Team Seeks Data Access*, N.Y. Times, Feb. 17, 2025 [https://perma.cc/H8ZX-DM6A]. As of February 19, 2025, the Acting Commissioner is Leland Dudek. [https://perma.cc/SF7E-LBC8]. Under Rule 25, as the successor to former Defendant Michelle King, Dudek is "automatically substituted as a party." Fed. R. Civ. P. 25(d).

ALJ's "past relevant work" finding and (2) the ALJ properly considered the opinion evidence of Dr. Kristen Zeller-Hack, Ms. Rachel Sumo, and State agency consultants. (*Id.* at 17.) Plaintiff objects only to the first conclusion. (ECF No. 17.) She argues that the ALJ committed reversible error by (1) not crediting her role as owner/operator of her housekeeping business and (2) improperly determining that her earnings qualified as "substantial gainful activity." (*Id.* at 2–3.)

## ANALYSIS

Because Plaintiff objects, the Court reviews the R&R de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3). In conducting this de novo review of the Commissioner's decision to deny benefits, the Court's task is limited to reviewing the record for legal error and to ensuring that the factual findings are supported by "substantial evidence." *Hensley v. Barnhart*, 352 F.3d 353, 355 (8th Cir. 2003). Substantial evidence is less than a preponderance of the evidence. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). It is enough evidence for a reasonable mind to find adequate support for the administrative law judge's conclusion. *Id.* Thus, if after review, the Court finds that the record supports two possible but inconsistent positions, and one of those positions reflects the administrative law judge's findings, the Court must affirm the decision. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). Based on its review, the Court agrees with the R&R's analysis and conclusions.

## I.    Plaintiff's First Objection

At the final step of the five-step process[3] to determine the existence and extent of Plaintiff's disability, the ALJ found that Plaintiff had "past relevant work" as a housekeeper. (Tr. 17.)[4] That finding supported the ALJ's conclusion that Plaintiff was "capable of performing" housekeeping as it is generally performed in the national economy, and thus she was not disabled. (*Id.*)

Before Judge Brisbois, Plaintiff argued that "housekeeper" was an inaccurate description of her past relevant work. (ECF No. 13 at 12–13.) As the owner of her housekeeping business, her work involved tasks beyond regular housekeeping, like "seeking and maintaining clients, establishing rates of pay, determining how to bill for her work, and on occasion hiring others to assist her." (*Id.* at 13.) And her "longstanding clients" "appear[ed] to have been more willing to accommodate her impairments than what would be expected" in a typical housekeeping job. (*Id.*)

Judge Brisbois found substantial evidence supported the ALJ's finding that "housekeeping would be classified as [Plaintiff's] past relevant work." (R&R at 11.) He also rejected Plaintiff's argument "that her prior job duties as both a housekeeper and business owner exceed those of the housekeeping job as generally performed in the national economy." (*Id.* at 12.)

---

[3] A full description of the five-step process can be found at page 3 of the R&R. Only step five is relevant to Plaintiff's objections.

[4] The Court uses the same record citation format as the R&R. (*See* R&R at 2 n.2.)

Plaintiff now objects to a footnote in the R&R. (ECF No. 17 at 1.) In footnote four, Judge Brisbois dismissed Plaintiff's concern that her duties as owner of a housekeeping business "created additional work activities not typically associated with housekeeper jobs." (R&R at 9 n.4 (citing ECF No. 13 at 13).) Judge Brisbois noted that "none of these <u>additional</u> duties are relevant to the ALJ's finding that Plaintiff could return to her past relevant work as a housekeeper." (*Id.*) It was appropriate for the ALJ to look to the demands of a housekeeper as it is generally performed in the national economy, even if that differed from how Plaintiff performed the job. (*Id.* (citing *Evans v. Shalala*, 21 F.3d 832, 833–34 (8th Cir. 1994)).

According to Plaintiff, that conclusion constitutes reversible error. Her status as owner/operator of a housekeeping business was "highly relevant": "It was entirely relevant and in fact necessary to acknowledge that her prior work performing housekeeping duties occurred within the context of having the kind of control over the means and manner of work that a housekeeper would not typically have." (ECF No. 17 at 1–2.)

The Court overrules Plaintiff's objection. An ALJ "is not required to classify a claimant's past relevant work solely on the basis of the physical demands of the claimant's actual past work." *Evans*, 21 F.3d at 833. Instead, the relevant regulations explicitly allow an ALJ to also consider "[t]he functional demands and job duties of the occupation *as generally required by employers throughout the national economy*." *Id.* (quoting C.F.R.

§ 404.1520(e)) (emphasis added.) For example, in *Wagner v. Astrue* an expert testified that the claimant "could perform his past relevant work as chief of police, as generally performed in the national economy, but not as [he] performed the job in the small town of Ossian, Iowa." 499 F.3d 842, 846 (8th Cir. 2007). The Eighth Circuit held that it was proper for the ALJ to "look at the 'functional demands and job duties' of a 'chief of police' as required by employers in the national economy," even if that varied from how the claimant had previously performed his job. *Id.* at 854. The Court concludes that it was not reversible error for the ALJ to look to the role of housekeeper as generally performed in the national economy.

In fact, the ALJ acknowledged Plaintiff's status as owner/operator of her housekeeping business. During the hearing, the ALJ asked, "Is there anybody else in your business with you that also cleans houses?" (Tr. 39.) Plaintiff responded, "No, sir, just myself. I usually just use the temp services or family members will help me if I really need it." (*Id.*) The ALJ also: (1) confirmed that Plaintiff was the "owner" of her housekeeping business (Tr. 39); (2) asked how Plaintiff paid other individuals when she required additional assistance (Tr. 47); and (3) heard testimony that some of Plaintiff's clients would make accommodations given her slower pace of work. (Tr. 46.) That evidence, however, did not change the ALJ's ultimate finding that "housekeeper" was Plaintiff's past relevant work. (Tr. 17.) The Court concludes that substantial evidence supported the ALJ's finding. *See Wright*, 789 F.3d at 852 ("If, after reviewing the record,

the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.") (citation omitted).

## II.    Plaintiff's Second Objection

Social Security regulations establish a three-part test for defining "past relevant work." 20 C.F.R. § 404.1565(a). At issue in Plaintiff's second objection is the requirement that "past relevant work" "must have been substantial gainful activity" or SGA. *Id*. The ALJ found that Plaintiff's earnings as a housekeeper qualified as SGA, allowing the ALJ to conclude that "housekeeper" was Plaintiff's "past relevant work." (*See* Tr. 17 ("The claimant performed work as a housekeeper in the previous 15 years, and at the substantial gainful activity level in 2015 and 2021.").)

Judge Brisbois found that substantial evidence established that Plaintiff engaged in SGA. (R&R at 11.) To reach that conclusion, he applied two tests. First, he looked to 20 C.F.R. § 404.1575, which outlines several tests for evaluating SGA for self-employed individuals. Under the first test: "You have engaged in substantial gainful activity if you render services that are significant to the operation of the business and receive a substantial income from the business." 20 C.F.R. § 404.1575(a)(2)(i). Plaintiff "testified that she did all of the cleaning work herself, and she has reported keeping all of her own business." (Tr. 12.) When asked at the hearing if there was "anybody else in your business with you that also cleans houses?" Plaintiff responded "No, sir, just myself." (Tr. 39.) The

Court agrees with the R&R's conclusion that Plaintiff's past housekeeping work was "significant to the operation of the business" such that she engaged in SGA as a self-employed individual.

In the second test, Judge Brisbois looked to Plaintiff's monthly income to evaluate SGA. Social Security regulations set a benchmark monthly income of $1310 as one indicator of SGA. (*See* Tr. 12.) In 2021, Plaintiff earned $1,333.58 per month, slightly above that threshold. (*Id.*) To be sure, in other years Plaintiff earned less than that threshold. (ECF No. 17 at 3 n.1.) But "earnings below the guidelines are not inconsistent with substantial gainful activity as a matter of law. Although earnings below the guidelines will 'ordinarily' show that an employee has not engaged in substantial gainful activity, earnings below the guidelines will not conclusively show that an employee has not engaged in substantial gainful activity." *Pickner v. Sullivan*, 985 F.2d 401, 403 (8th Cir. 1993) (citing 20 C.F.R. § 404.1574(a)(1)).

Judge Brisbois properly applied two tests to evaluate Plaintiff's SGA. Both tests revealed Plaintiff engaged in SGA. Plaintiff does not contest the validity of either method. Instead, she claims reversible error because neither the ALJ nor Judge Brisbois applied her two preferred tests. According to Plaintiff, the ALJ should have looked to two Social Security Rulings ("SSRs") to properly account for how her self-employed status impacted her SGA: (1) SSR 83-34 "to determine which portion of income represents the actual value of the work" she performed and; (2) SSR 88-33 to factor in the unpaid work Plaintiff

contributed to her housekeeping business. (ECF No. 17 at 3–4.) But reversal is proper only if the ALJ's decision falls outside the "available zone of choice." *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008) (citation omitted). An ALJ's decision "is not outside the 'zone of choice' simply because [the Court] might have reached a different conclusion had [it] been the initial finder of fact." *Id.* The fact that the ALJ did not utilize Plaintiff's preferred tests to evaluate SGA is not reversible error. The Court overrules Plaintiff's objection.

## CONCLUSION

Based on all the files, records, and proceedings in this case, IT IS HEREBY ORDERED THAT:

1.  Plaintiff's Objection (ECF No. 17) is OVERRULED;

2.  The Report and Recommendation (ECF No. 16) is ACCEPTED;

3.  Plaintiff's Motion for Summary Judgment (ECF No. 13) is DENIED;

4.  Defendant's Motion for Summary Judgment (ECF No. 15) is GRANTED; and

5.  This matter is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 4, 2025                                BY THE COURT:

                                                    s/Nancy E. Brasel
                                                    Nancy E. Brasel
                                                    United States District Judge